IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> V. § <br> § No. 3:20-cr-496-S (2) <br> § <br> NESTOR ESTEBAN BANDA § <br> GONZALEZ, § <br> § <br> Defendant. | |

## **MEMORANDUM OPINION AND ORDER OF DETENTION**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated April 6, 2022, United States District Judge Karen Gren Scholer has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Nestor Esteban Banda Gonzalez should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Nestor Esteban Banda Gonzalez is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 158.

## **Background**

Defendant is set for sentencing before Judge Scholer on August 10, 2022. *See* Dkt. No. 159. "[W]hether a defendant should be released pending trial and whether

-1-

a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On July 7, 2021, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 76.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting

imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Continued Pre-Trial Release. *See* Dkt. No. 171.

The Court held a hearing on May 26, 2022 on the matters referred by Judge Scholer, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 846. *See* Dkt. Nos. 157 & 158. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the

-4-

defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 157], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

As Defendant explains in his Motion for Continued Pre-Trial Release, he

was arrested on the Indictment on July 1, 2021 and made his initial appearance on July 2, 2021. On July 7, 2021, Judge Horan denied the government's detention motion and issued an order setting conditions of pretrial release for Defendant.

On October 5, 2021, Defendant's attorney filed an Unopposed Motion to Modify Conditions of Release which allowed Defendant to be under home detention and not home incarceration. On October 7, 2021, Judge Horan granted the Order setting new conditions of release.

On March 22, 2022, Defendant entered a plea of guilty on the Superseding Information to wit: Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 in violation of 21 U.S.C. § 841(b)(1)(C).

On April 7, 2022, the Court issued an order setting a briefing schedule and detention hearing which is scheduled for May 17, 2022 at 2:00 p.m.

Defendant is requesting he be continued on pretrial release under §18 U.S.C., 3145(c) and in support Attorney for Defendant will show as follows:

….

Factors to Determine Continue Pre-Trial Release

    1. Defendant has not been charged with a crime of violence.

    2. Defendant current resides with his girlfriend Robin Lozano for the past 5 years and has two children (1 biological and 1 stepchild) with family ties in the Dallas area.

    3. The Defendant does not possess any weapons.

    4. The Defendant does not have a history of drug use.

    5. The Defendant has fully cooperated with pretrial services and his probation officer, Lauren Flood, including:

        a. Tested negative on all drug tests for illegal substances;

        b. Has complied with every request made by pretrial services.

    c. Has been under home detention without any violations;

    d. Has reported each and every time when requested and fully in compliance;

  6. The Defendant has appeared for all of his court appearances.

  7. The Defendant has abided to all travel restrictions ordered by the Court.

  8. The Defendant surrendered his passport to the US District Clerk's Office on July 7, 2021.

  9. The Defendant continues to be employed as a consultant for bands and is currently and actively employed making approximately $3,000.00 per month.

  10. The Defendant does not have criminal history that involves any type of violent crime. Defendant had a case dismissed in 2019 that involved tampering/fabricating physical evidence with intent to impair.

  11. Defendant does not pose a danger to any person or the community.

  WHEREFORE, PREMISES CONSIDERED, Defendant is requesting that he be continued on pretrial release with any Orders or bond conditions as the court sees fit.

Dkt. No. 171 at 1-3.

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. The record shows, and the government does not dispute, that Defendant has been compliant with his release conditions and does not appear to be likely to flee or pose a danger to others or the community if he remained on release pending sentencing.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges the Court to consider, including his compliance with his conditions of pretrial release and his steady employment and caring for his family, are certainly commendable.

But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for

continuing his release do not individually give rise to a situation that is out of the ordinary.

And the Court determines that all of the circumstances that Defendant asserts are not, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary that amount to a situation in which Defendant's detention pending his sentencing hearing would not be appropriate.

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Nestor Esteban Banda Gonzalez should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant will be detained pending sentencing. It is therefore ORDERED that Defendant Nestor Esteban Banda Gonzalez be committed to the custody of the Attorney General and United States Marshal for further proceedings. It is ORDERED that Defendant Nestor Esteban Banda Gonzalez, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: May 26, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE